REINHARDT, Circuit Judge,
dissenting.
I agree with the majority that the prosecutor’s questioning of Corniel-Reyes and his vouching for Campusano both constituted error.[1] I disagree, however, with the majority’s conclusion that these errors do not warrant reversal.
Notwithstanding the majority’s assertion that “the government presented substantial, independent evidence of guilt,” Maj. op. at-, the record here clearly establishes that “[t]his case was a close one” in which “witness credibility was paramount.” United States v. Geston, 299 F.3d 1130, 1136-37 (9th Cir.2002). Indeed, all of the evidence cited by the majority demonstrates the extent to which “the case boiled down to whether the jury believed” Corniel-Reyes or Campusano. United States v. Combs, 379 F.3d 564, 573 (9th Cir.2004). First, as regards the Kansas traffic stop, Corniel-Reyes testified that he did not know that money was hidden in the car.[2] Second, as to driving the Mercedes to Las Vegas, Corniel-Reyes testified that he did not know that the car was to serve as collateral for a drug transaction. Third, the significance of Campusano’s testimony about Corniel-Reyes’ alleged drug traf *127 ficking depended entirely on whether the jury believed Campusano to be credible. Finally, as to Corniel-Reyes’ “bragging” to the undercover detective about his drug trafficking activities, he testified that these were made-up stories that he was forced to tell by Campusano, who threatened the life of his daughter. In sum, the outcome of this case depended entirely upon whether the jury believed Corniel-Reyes’ testimony that he had no knowledge of the drug transaction before arriving in Las Vegas and that he was acting under duress on the night of his arrest, or whether it believed Campusano’s testimony to the contrary. Because Corniel-Reyes’ “fate hinged on resolution of the conflicting testimony presented by the parties,” the prosecutor’s forcing him to opine as to the veracity of government witnesses clearly constituted plain error under our precedent. Geston, 299 F.3d at 1137; Combs, 379 F.3d at 572.
For similar reasons, I cannot agree with the majority’s conclusion that the prosecutor did not commit reversible error in vouching for Campusano. The government’s case depended almost entirely on the credibility of the witness for whom the government vouched. See United States v. Rudberg, 122 F.3d 1199, 1206 (9th Cir. 1997) (finding plain error where government’s case “was limited to the testimony of the vouched witnesses”); see also United States v. Weatherspoon, 410 F.3d 1142, 1151 (9th Cir.2005) (observing that possibility of prejudicial effect stemming from vouching is “increased in cases where credibility is of particular importance”). Furthermore, the general curative instruction given at the end of the trial was not sufficient to vitiate the effect of the vouching. See Rudberg, 122 F.3d at 1205.
Finally, even if neither instance of prosecutorial misconduct when examined in isolation rose to the level of plain error, their cumulative effect requires reversal. See United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir.1996) (holding that cumulative effect of eiTors was prejudicial where “evidence against the defendant was not overwhelming and the case was a close one”). Both relate directly to the question of credibility; both could have affected the jury’s judgment as to whether to believe a long-time major drug dealer facing a lengthy drug sentence or a defendant without a past criminal record employed on a regular basis as a waiter; in short, the two violations together could easily have affected the outcome of the trial.
For the reasons set forth above, I believe that the conviction must be reversed. Accordingly, I respectfully dissent.

. I also agree with the majority's conclusion that the district court properly admitted evidence of Corniel-Reyes’ alleged other drug trafficking activities.

. The Kansas highway patrol trooper also testified that Corniel-Reyes denied any knowledge of the $46,000 that was discovered in the car.